Whaley, Chief Justice,
delivered the opinion of the court:
The plaintiff, an officer in the Navy, was ordered on June 26, 1939, to regard himself as detached from duty at the Naval Station, Guantanamo Bay, Cuba, on or about August 1, 1939, and to proceed thence to New York, N. Y., there to report to the Commanding Officer of the Beceiving Ship for duty. By this order he was authorized to delay one month in reporting, the delay to count as leave.
Plaintiff left with his wife and child August 2, 1939, arrived at Miami, Fla., left Miami by private automobile, and eventually arrived by that means at New York where on August 28,1939, he reported to the Commanding Officer at the Beceiving Ship for duty.
*412 On reporting plaintiff received further orders to regard himself as detached from his station at the Receiving Ship, and to proceed and report to the Commandant, Ninth Naval District, Great Lakes, Illinois, being also authorized to delay until September 30, 1939, in so reporting, the delay to count as leave.
To this situation is to be added the fact, and from that fact arises the dispute here, that the order detaching him from his station at New York City was dated at the Bureau of Navigation, Washington, D. C., August 16, 1939, which was between the date he left Guantanamo Bay and the latest date he could report at the Receiving Ship at New York.
The plaintiff claims he is entitled to statutory reimbursement for travel on the basis of his trip from Miami to New York City and his trip thence to Great Lakes. The defendant contends that he is entitled to such reimbursement on the basis only of a trip from Miami direct to Great Lakes, without diversion to New York City.
Settlement not having been effected on either basis, apparently, a counterclaim has been filed, and the issue is joined both on petition and counterclaim.
The order of August 16, 1939, deserves close scrutiny, and it is in detail as follows:
In reply address not the signer of a letter, but Bureau of Navigation,
Navy Department, Washington, D. C. Refer to No. 9291-106 Nav-311-AG
NA Y Y DEPARTMENT Bureau of Navigation Washington, D. C. 142.
16 Aug. 1939.
From: The Chief of the Bureau of Navigation.
To: Commander
Robert O’Hagan,
Supply Corps, U. S. N.,
The Receiving Ship at New York.
Via: Commandant, Third Naval District.
Subject: Change of duty.
1. In accordance with the following instruction you will regard yourself detached from your present station, *413 and from such other duty as may have been assigned you; will proceed and report for duty as indicated:
To the Commandant, Ninth Naval District, Great Lakes, Ill., for duty as disbursing officer, Ninth Naval District, and additional duty as disbursing officer, Naval Training Station, Great Lakes, Ill., as the relief of Lieutenant Commander Michael J. Dambacher, (SC), U. S. N.
2. The Secretary of the Navy has determined that this employment on shore duty is required by the public interests.
3. You are hereby authorized to delay until 30 September, 1939, in reporting in obedience to these orders.
4. Keep the Bureau of Navigation and your new station advised of your address.
5. This delay will count as leave. Upon the commencement of the leave you will immediately inform this bureau of the exact date, and upon the expiration thereof you will return the attached form, giving the dates of commencement and expiration.
/S/ C. W. Nimitz

II. M. 8.

Copy to:
Bu. S & A
Cdt., 3rd Nav. Dist.
Cdt., 9th Nav. Dist.
C. O., Bee. Ship at New York.
C. O., Nav. Training Sta., Great Lakes, Ill.
In the first place the order of August 16, 1939, neither revokes nor modifies any previous order. Defendant’s counsel refers to this order at least twice as “modifying” the order of June 26,1939. The second order is quite consistent with the first. It does not even purport to modify or revoke any part of the order of June 26, 1939. Even though the first order could have been modified or revoked, in whole or in part, that was not done, and the cases cited by the defendant, where such modification or revocation took place, are therefore not in point. It was for the plaintiff to obey the orders given him.
In the second place the order of August 16, 1939, has no beginning date. This fitted nicely into the situation, for the plaintiff did not have to report for duty at New York before the first of September. He could have reported sooner, and, as a matter of fact, did report August 28, 1939. *414 Thereupon he received the orders dated August 16, 1989. There is nothing to indicate that the Chief of the Bureau of Navigation intended the orders of August 16, 1939, to go into effect before August 28, 1939. The order is addressed to plaintiff at “The Receiving Ship at New York.” The Bureau knew when the order was addressed that it would only reach plaintiff and be known to him when he reached the Receiving Ship at New York. Under the orders of August 16, 1939, plaintiff did not have to report at Great Lakes before September 30,1939. The department certainly was not in great haste.
Plaintiff reported at New York City under orders and is entitled to reimbursement for travel accordingly.
There is no ambiguity about the orders and plaintiff was subject to them.
Plaintiff is entitled to recover $45.91, and the defendant’s counterclaim is dismissed. It is so ordered.
Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.
Jones, Judge, took no part in the decision of this case.